IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CRISTY BUNKER, individually** and on behalf of similarly situated employees, | § § § | |
| **Plaintiffs,** | § § | |
| -v- | § § § | Civil Action No.  4:16-cv-2573 |
| **PCP FOR LIFE, PA and NAJMUDDIN K. KARIMJEE** | § § § § | |
| **Defendants.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND
JURY DEMAND – COLLECTIVE ACTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff, Cristy Bunker ("Ms. Bunker" or "Named Plaintiff"), individually and on behalf of all other similarly situated employees ("PCP Employees"), and files this, Plaintiffs' Original Complaint – Collective Action, and respectfully shows the following:

**I.
SUMMARY**

This is a simple case of wage theft. PCP for Life and Najmuddin K. Karimjee (collectively "Defendants") failed to pay its employees overtime wages. Plaintiff was paid on an hourly basis, with no minimum guarantee. Defendants failed to pay Plaintiff the overtime to which she was entitled.

Plaintiff brings suit under the FLSA on behalf of herself and similarly situated PCP Employees. Plaintiff seeks overtime wages owed to her, as well as liquidated damages,

attorneys' fees, and all other relief permitted. The putative class is all Nurse Practitioners and Physician Assistants who are or were employed by PCP for Life anytime during the past three years.

## II.
## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA).

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## III.
## PARTIES

3. Plaintiff Cristy Bunker is a resident of Texas and worked as a Nurse Practitioner for Defendants in Houston, Texas. Ms. Bunker worked for PCP and has "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

4. Plaintiff brings this action on behalf of herself and other similarly situated employees pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated employees are individuals who are or were employed by Defendants as Nurse Practitioners and Physician Assistants ("PCP Employees") and did not receive overtime pay in the past three years. The putative class has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

5. Defendant, PCP for Life, is a company doing business in the Southern District of Texas. PCP for Life is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendant may be served with process by

serving its Registered Agent, Najmuddin K. Karimjee at 12015 Louette, Ste. 200, Houston, Texas 77070.

6. Defendant, Najmuddin K. Karimjee, is the owner and operator of PCP for Life. Dr. Karimjee is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendant may be served with process by serving Najmuddin K. Karimjee at 12015 Louette, Ste. 200, Houston, Texas 77070 or wherever Defendant may be found.

## IV.
## COLLECTIVE ACTION FACTS

7. Ms. Bunker worked for Defendants during the relevant time period.

8. Ms. Bunker work at Defendants PCP for Life – Greenspoint facility, which is located at 12130 Greenspoint Dr., Houston, TX 77060

9. Ms. Bunker is covered by the Fair Labor Standards Act.

10. Defendants employed Ms. Bunker as a Nurse Practitioner.

11. PCP paid Ms. Bunker an hourly wage of $76.93 per hour.

12. Regardless of the number of hours worked, Ms. Bunker received straight pay for all hours worked, including those in excess of 40 hours.

13. Ms. Bunker regularly worked in excess of 40 hours per week.



(Sample of Ms. Bunker's Payroll History.)

14. Additionally, Defendants would deduct hours from Ms. Bunker's pay.

15. Defendants' deductions included deducting time for lunch periods.

16. However, Ms. Bunker regularly worked during lunch hours, as patients would be scheduled.

17. At any given time during the last three years, PCP employed other Nurse Practitioners, as well as Physician Assistants.

18. Nurse Practitioners and Physician Assistants employed by PCP shared many of the same job duties and responsibilities.

19. These other PCP Employees, Nurse Practitioners and Physician Assistants, also regularly worked in excess of 40 hours in each workweek.

20. Defendants have multiple facilities in the south Texas area.



(Defendants' locations - https://www.pcpforlife.com/locations.php.)

21.     This practice and policy of denying PCP Employees overtime pay was applied to all PCP Employees.

22.     All conditions precedent to the filing of this lawsuit have been satisfied and fulfilled.

## V.
## COLLECTIVE FAIR LABOR STANDARDS ACT VIOLATIONS

23.     Named Plaintiff and other PCP Employees were "suffered or permitted to work" by Defendants during the relevant time period.

24.     Defendants employed Named Plaintiff and other similarly situated PCP Employees.

25.     Defendants are engaged in commerce.

26.     Defendants are responsible for these alleged violations of the FLSA.

___

27. Named Plaintiff and other PCP Employees were considered by Defendants to be "hourly" employees.

28. As a matter of practice and policy, Defendants denied overtime pay to its PCP Employees.

29. By failing to provide overtime pay, Defendants violated the Federal Fair Labor Standards Act.

30. Defendants knew, had reason to know, or showed reckless disregard for the fact that its failure to pay overtime violated the law.

31. Because of the actions of Defendants, Named Plaintiff and other PCP Employees suffered damages within the jurisdictional limits of this Court.

32. Plaintiff brings this case as a collective action pursuant to §216(b) of the FLSA. Plaintiff alleges that the FLSA violations were applicable site wide.

33. Named Plaintiff is representative of those similarly situated individuals who are current or former employees of PCP, who are or were employed by PCP as Nurse Practitioners, and covered by the FLSA.

34. Named Plaintiff attaches her Consent Form.

## VI.
## DAMAGES

35. Plaintiffs seeks all damages allowed under the Fair Labor Standards Act, including:

   A. Issuance of notice as soon as possible to all PCP Employees who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has

been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

B. Judgment against Defendants for an amount equal to Plaintiffs' and the class's unpaid overtime wages;

C. Judgment against Defendants that their violations of the FLSA were willful;

D. An equal amount to the wage damages as liquidated damages;

E. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

F. All costs incurred and reasonable attorneys' fees for prosecuting these claims;

G. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Leave to amend to add claims, including any claims under applicable state laws;

I. An incentive award to the Named Plaintiff; and

J. For such further relief as the Court deems just and equitable.

WHEREFORE, premises considered, Plaintiff respectfully pray that Defendants be summoned to appear and that, upon a trial on the merits, all relief requested be awarded to Plaintiffs and similarly situated employees, and for such other and further relief to which Plaintiffs are justly entitled.

# VII.
# JURY DEMAND

Plaintiff seeks to have this matter tried before a jury.

Dated: <u>August 8, 2016</u>

Respectfully submitted,
ROB WILEY, P.C.

By:   /s/ Robert J. Wiley
Robert J. Wiley
Texas Bar No. 24013750
Southern District Texas Bar No. 596499
Board Certified Specialist – Labor & Employment
Law, Texas Board of Legal Specialization
Kalandra N. Wheeler (Application for Admission forthcoming.)
Texas Bar No. 24051512

ROB WILEY, P.C.
2613 Thomas Avenue
Dallas, Texas 75204
Telephone: (214) 528-6500
Facsimile:  (214) 528-6511
E-mail: kwheeler@robwiley.com