Case 4:16-cv-02573   Document 23   Filed in TXSD on 07/26/17   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRISTY BUNKER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2573 |
| | § | |
| PCP FOR LIFE, PA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Conditional Certification and Notice to Potential Plaintiffs. (Document No. 13). Having considered the Motion, Defendants' Response (Document No. 19), Plaintiff's Reply (Document No. 20), the facts in the record, and the applicable law, the Court concludes the motion should be denied.

**I. Background**

Plaintiff Christy Bunker (Bunker) filed this case pursuant to 29 U.S.C. §§ 201–206 of the Fair Labor Standards Act (the "FLSA"). (Document No. 1 at 2). Bunker filed the complaint on behalf of herself and similarly situated employees of the Defendants (collectively "PCP"). *Id*. Bunker alleges that PCP violated the FLSA by failing to pay overtime for hours worked over forty per week. *Id*. In accordance with 29 U.S.C. §216(b), Plaintiff alleges that these actions were part of a generally applicable practice of failing to pay nurse practitioners and physician assistants, and that class certification is appropriate for PCP employees who: (1) were employed as nurse practitioners or physician assistants at any time since August 23, 2013, (2) worked in excess of forty hours per week, and (3) were not paid at the premium rate for overtime hours worked and/or not paid for all hours worked during their lunch break. (Document No. 13 at 5).

## II. Legal Standard

Section 216(b) of the FLSA allows an employee to bring an action "for and [on] behalf of himself … and other employees similarly situated." 29 U.S.C. § 216(b). To determine whether or not employees are similarly situated this court, along with most district courts in the Fifth Circuit, traditionally applies the two part test established in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See Blake v. Hewlett-Packard Co.*, No. 4:11-CV-592, 2013 WL 3753965, at *4 (S.D. Tex. July 11, 2013) (explaining rationale). The court in *Lusardi* divided their analysis into two phases, the notice phase and a decertification phase. *Id*. This case is in the notice phase. "At this stage, a plaintiff must make a minimal showing that 1) there is a reasonable basis for crediting the assertion that other aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (citations omitted).

When determining if a class should be conditionally certified courts should apply a lenient standard. *Id*. (quoting *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995)). Typically, discovery has not happened at this phase so courts traditionally do not review the underlying merits of the action. *Id*. at 802 (citing *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 893 (N.D. Iowa 2008)). Courts have denied conditional certification where "the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005). Further courts tend to balance concerns about judicial economy with the desire to avoid authorizing a "frivolous fishing expedition." *Rahman v. Fiesta Mart L.L.C.*, No. CV H-15-2295, 2016 WL 2346944, at *4 (S.D. Tex. May 4, 2016) (quoting *Lang v. DirecTV,*

*Inc.*, No. 10-CV-1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011)).

**III. Discussion**

As described below, Plaintiff has failed to demonstrate that other individuals wish to opt in to the lawsuit (the third prong of the test), and thus class certification is inappropriate. Bunker argues that the third prong is not necessary at this phase. (Document No. 20 at 7). However, while some courts have held that plaintiffs do not need to satisfy the third prong, those cases are not binding authority on this court and are distinguishable from the present case. *Villarreal v. St. Lukes Episcopal*, 751 F. Supp. 2d 902, 906 (S.D. Tex. 2010) (noting existence of other plaintiffs); *Villegas v. Grace Disposal Sys.*, No. CV-H-13-320, 2014 WL 793977, at *5 (S.D. Tex. Feb. 27, 2014) (eight named plaintiffs); *White v. Integrated Elec. Tech.,* Nos. CV-11-2186, 12-259, 2013 WL 2903070, at *7 (E.D. La. June 13, 2013) (suit with multiple named plaintiffs and opt-in plaintiffs).[1] Other courts have noted the disagreement on the third requirement, but proceeded to certify a class based on a showing that the third requirement has been met. *Hendrix v. Shipcon Wireless, Inc.*, No. 4:16-CV-2714, 2017 WL 1449780, at *6 (S.D. Tex. Apr. 21, 2017); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 471–72 (S.D. Tex. 2012).

It is necessary for plaintiffs to demonstrate that other potential plaintiffs desire to join the suit so that the court can balance concerns regarding judicial economy with the desire to "avoid the 'stirring up' of litigation through unwarranted solicitation." *Jones. v. JGC Dallas LLC*, 2012 WL 6928101 at *2 (N.D. Tex. Nov. 29, 2012) (quoting *Severtson v. Phillips Beverage Co.*, 137

---

[1] If Bunker had even one declaration other than her own the circumstances would be different. *Wedel v. Vaughn Energy Servs., LLC*, No. 2:15-CV-93, 2015 WL 5920034, at *1 (S.D. Tex. Oct. 9, 2015) ("The Court finds that two individuals [named as putative opt-in plaintiffs] satisfy the third *Lusardi* factor.") (citing *Pacheco v. Aldeeb,* No. 5:14–CV–121–DAE, 2015 WL 1509570 at *8 (W.D. Tex. Mar. 31, 2015); *Tolentino v. C & J Spec–Rent Servs., Inc.,* 716 F. Supp. 2d 642, 653 (S.D. Tex. 2010); *Lee v. Metrocare Servs.,* 980 F. Supp. 2d 754, 768 (N.D. Tex. 2013); *Jones v. SuperMedia, Inc.,* 281 F.R.D. 282, 291 (N.D. Tex. 2012)).

F.R.D. 264, 266 –67 (D. Minn. 1991)); *see also Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *8 (W.D. Tex. Mar. 31, 2015) ("In addition to requiring the existence of similarly situated individuals, most courts require that a plaintiff present some evidence that those individuals are likely to opt-in to the lawsuit."); *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 522 (N.D. Tex. 2014) ("[B]efore granting court-facilitated notice, the court should satisfy itself that there are other similarly situated employees ... who would desire to opt-in to this lawsuit.") (quoting *Valcho v. Dallas Cty. Hosp. Dist.*, 574 F. Supp. 2d 618, 622 (N.D. Tex. 2008)); *Simmons v. T-Mobile USA, Inc.*, No. CIV A H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (denying certification where plaintiff did not present any admissible evidence that other aggrieved employees were interested in participating in plaintiff's suit); *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991) ("[T]he district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in.'").

Courts consider several things when determining if other individuals desire to opt-in to the lawsuit, including affidavits from other individuals stating their desire to opt-in, the amount of currently named plaintiffs in the suit, whether the plaintiff has submitted additional evidence of a widespread plan of discrimination, and any factors that may be preventing individuals from expressing their desire to opt in. *H & R Block, Ltd. V. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999).

None of those factors are present here. Bunker is the only named plaintiff, and in nearly a year since filing no other plaintiffs have joined. Bunker offers no affidavits from other employees stating their interest to join the lawsuit and provides no reason why such individuals have not come forward. In her affidavit Bunker claims that she had conversations with other

employees about the fact that they were not receiving overtime pay. (Document No. 13-3 at 3). This is not enough to meet the third prong of the *Lusardi* test, because it merely alleges that other class members exist, not that they would want to opt in to the suit. *McKnight,* 756 F. Supp.2d 794, 805 (quoting *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) ("[A] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will seek to join the lawsuit.") Therefore, the Plaintiff has failed to meet her burden on this criterion, and class certification is not appropriate.

### III. Conclusion

Plaintiff's Motion for Class Certification will be denied, because Plaintiff has failed to demonstrate that any other aggrieved employees have an interest in joining her lawsuit.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Conditional Certification (Document No. 13) is **DENIED**.

SIGNED at Houston, Texas, this 26th day of July, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE