United States District Court
Southern District of Texas

**ENTERED**

August 27, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRISTY BUNKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-16-2573 |
| | § | |
| PCP FOR LIFE, PA and NAJMUDDIN K. | § | |
| KARIMJEE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred is Plaintiff's Motion for Partial Summary Judgment (Document No. 43), and Defendants' Motion for Summary Judgment (Document No. 44). Both motions address the same issue – whether Plaintiff Cristy Bunker was an "exempt" employee under the Fair Labor Standards Act ("FLSA"). Having considered the cross motions for summary judgment on that issue, the responses and additional briefing, the summary judgment evidence, and the applicable law, the Magistrate Judge concludes that there are genuine issues of material fact on whether Plaintiff Cristy Bunker was paid on a "salary basis," and therefore RECOMMENDS, for the reasons set forth below, that the Cross Motions for Summary Judgment (Document Nos. 43 & 44) both be DENIED.

## I.    Background

Plaintiff Cristy Bunker ("Bunker") worked as nurse practitioner for Defendants from January 2015 to June 2016. She alleges in this case that Defendants violated the FLSA by failing to pay her overtime, at one and half times her hourly rate, for the time she worked more than forty hours a week. Defendants, in their Answer, alleged very generally that Bunker was subject to an exemption,

*see* Answer (Document No. 10) at 10 ("The claims of Plaintiff . . . are barred because the work performed falls within exemptions, exclusions, exceptions or credits provided for in the FLSA"), and that any overtime requirement that was not met was not done so willfully.  Both sides have filed Motions for Summary Judgment: Plaintiff arguing in her Motion for Partial Summary Judgment that she was a "non-salaried, hourly employee;" and Defendants arguing in their Motion for Summary Judgment that Plaintiff was a salaried employee and that her job as a nurse practitioner fell within the "professional" exemption under the FLSA.  The cross Motions for Summary Judgment have been fully briefed and are ripe for ruling.

## II.    Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).  Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted.  *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).[1]  A party opposing a properly supported motion for summary

---

[1] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

2

judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are to be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.*

Where there are cross motions for summary judgment filed, as is the case here, the court must "review each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Ford Motor Co. v. Texas Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).

III.    Discussion

The Fair Labor Standards Act requires employers to pay time and a half for each hour that an employee works in excess of 40 hours, 29 U.S.C. § 207(a), and creates a cause of action for employees against employers that violate these requirements, 29 U.S.C. § 216(b). However, this general rule is subject to several exceptions. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). Section 13(a)(1) exempts from the maximum hour provision employees occupying "bona

fide executive, administrative, or professional" positions. *Dalheim v. KDFW-TV*, 918 F.2d 1220 (5th Cir. 1990). To satisfy any of these three exemptions, the employer must show that the employee has been paid on a "salary basis" and that the employee's work is the type of work covered by the particular exemption. 29 C.F.R. § 541.2 ("The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.").

FLSA exemptions are construed narrowly, with the employer/defendant bearing the burden to prove that the employee falls within an exemption. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006). The employer/defendant must meet this burden with a preponderance of evidence that shows the exemption to be "plainly and unmistakably applicable." *Meza v. Intelligent Mexican Marketing, Inc.*, 720 F.3d 577, 580-81 (5th Cir. 2013) citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S. Ct. 453, 4 L. Ed. 2d 393 (1960).

Here, the parties dispute whether Bunker was paid on a salary basis.[2] Defendants claim that she was, while Bunker maintains that she was paid as an hourly employee. An employee is considered to be paid on a "salary basis" when "the employee regularly received each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.0602(a). This regulation does not preclude a determination that an employee is paid on a salary basis if the "employee's earnings [are] calculated on an hourly, a daily or a shift basis" as long as "the employment arrangement also includes a

---

[2] The parties do not dispute that Bunker's job duties as a nurse practitioner would generally fall within the type of duties covered by the professional exemption.

guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the

number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed

amount and the amount actually earned." 29 C.F.R. § 541.604(b).

Defendant argues in its Motion for Summary Judgment that Bunker was paid on a salary

basis for a guaranteed number of 32 hours per week at an hourly rate of $76.93.   Defendant

Najmuddin K. Karimjee explains, as follows, this compensation arrangement for Bunker in the

Declaration Defendants filed in support of their Motion for Summary Judgment:

> 4.      Plaintiff was salaried at the time of her employment from January 2016 until
> June 2016.
>
> 5.      Typically, salaried nurse practitioners were expected to work 40 hours per
> week over 5 dedicated days of 8-hour shifts.   Accordingly, their salary was
> guaranteed on a 40-hour-per-week schedule. If they were salaried, nurse practitioners
> were not entitled to time-and-a-half for overtime pay, but instead, they were paid for
> approved overtime based upon my discretion and looking at metrics such as patient
> efficiency, working on authorized tasks only, and time out of the office.  Further, if
> they were salaried, nurse practitioners were not paid additionally for lunch or break
> times.
>
> 6.      Ms. Bunker, however, was given a special arrangement whereby she
> committed to 4 dedicated days of work per week at 32 hours per week.  Plaintiff's
> annual salary was calculated based upon a 40-hour-per-week workweek, consisting
> of 5 dedicated days of work per week (or 40 hours per week), coming out to
> $160,000 per year.
>
> 7.      Given that Ms. Bunker dedicated for only 4 days at work, her salary was
> prorated at 32 hours out of a 40-hour-per-week workweek, or $128,000.
>
> 8.      Like other nurse practitioners, Plaintiff was to be paid an approved overtime,
> at my discretion, at an hourly rate of $76.93 at any approved hour above 32 hours per
> week.  This was based upon Plaintiff meeting target efficiency among patients.  To
> be clear, Plaintiff was not automatically paid for all hours worked over 32 hours a
> week, only those overtime hours that I specifically approved for her.

(Document No. 44-5).  Bunker, in her deposition, disputes Defendant Karimjee's characterization

5

of her compensation arrangement.  She testified that there was never a "guarantee" about any specific number of hours, and that she was merely told not "to take too many extras."  (Document No. 46-1 at 45).  Bunker also testified that her paycheck fluctuated based on the number of hours she worked and if she "worked over, [she] was paid over; and if [she] worked under, [she] was paid under."  (Document No. 49-1 at 46).  Taking those conflicting positions about the existence of a 32-hour a week compensation "arrangement" in a light most favorable to each of the non-movants, and considering that testimony against the payment records which show that Bunker was paid 76.93 per hour for each hour she worked, there exists a genuine issue of material fact on whether Bunker was "guaranteed" a minimum weekly compensation amount that could not be lowered  based on "the number of hours, days or shifts worked."  While Defendant Karimjee states that the arrangement guaranteed Bunker compensation for a 32 hour workweek (annualized at approximately $128,000), Bunker disputes that there was such a guaranteed arrangement, and there is some summary judgment evidence in the record to support her position.  For example, for the two week period of time from August 24, 2015 to September 6, 2015, Bunker worked a total of 36.42 hours and was paid for 36.42 hours (Document No. 49-1 at 21).  That evidence belies Defendants' argument that Bunker was paid, on a salary basis, for 32 hours of work per week whether she worked 32 hours each week or not.  In addition, there is summary judgment evidence in the record that Bunker's hours were regularly reduced to deduct for the time it was assumed that she spent at lunch.  *See* Deposition of Tammy Havies (Document No. 49-1 at 55-56).  That systematic deduction appears at odds with Defendants' contention that Bunker was a salaried employee whose compensation was based on a guaranteed amount regardless of the number of hours worked.

In all the summary judgment evidence does not clearly or uncontrovertedly support either

sides' position on whether Bunker was paid on a salary-basis. It is Defendant's burden to prove the FLSA exemption they have claimed, including that part which requires an employee to be paid on a salary basis, but the summary judgment evidence in the record raises fact questions on the parties' intent and whether the compensation scheme was meant or designed as a guarantee. *See e.g. Patai v. Paton Engineers and Constructors, LLC*, Civil Action No. 4:17-CV-3104, 2018 WL 3208199 *4 (S.D. Tex. June 29, 2018) (finding genuine issue of material fact on whether employees were paid on a salary basis); *Wilson v. Systems and Processes Engineering Corp.*, Case No. A-10-CA-160-SS, 2010 WL 11575616 *4-5 (W.D. Tex. Oct. 28, 2010) (finding genuine issues of material fact where evidence supported both sides' contentions on whether the employee was, or was not, paid on a salary basis). Those fact questions, regardless of Defendants' burden in this case, preclude summary judgment for either side.

## IV.     Conclusion and Recommendation

Based on the foregoing, and the conclusion that there are genuine issues of material fact on whether Plaintiff Cristy Bunker was paid on a "salary basis" for purposes of the professional exemption under the FLSA, the Magistrate Judge

RECOMMENDS that the parties' cross Motions for Summary Judgment (Document Nos. 43 & 44) both be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from

attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d

89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day

period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written

objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this **24th** day of August, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE