IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| CRISTY BUNKER, | § | |
|---|---|---|
| Plaintiff, | § § § | |
| -v- | § | Civil Action No. 4:16-cv-02573 |
| | § § | JURY TRIAL DEMANDED |
| PCP FOR LIFE, PA, AND NAJMUDDIN K. KARIMJEE, | § § § | |
| Defendants. | § § | |

PLAINTIFF CRISTY BUNKER'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Cristy Bunker and files this, her Objections to Defendants' Exhibit List.

| No. | Description | Ofr | Obj | Adm | Date |
|---|---|---|---|---|---|
| D1. | Payroll Summary for Cristy Bunker from August 2010 to June 2016 – Bates Stamped PCP0001-PCP0004 | | FRE 402. Irrelevant. FRE 403. Confusion of the issues.<br><br>Objections only as to the payroll summary records from August 6, 2010 to January 2, 2015 (PCP0003-PCP0004). Those records are irrelevant as Plaintiff's pay during that period is not at issue in this case (i.e., it is outside of the relevant time period) and its introduction would likely cause confusion. | | |
| D2. | Time Clock Records for Cristy Bunker – Bates Stamped PCP005-PCP0042 | | | | |

| | | | |
|---|---|---|---|
| D3. | Email from Cristy Bunker to Dr. Karimjee, dated September 7, 2010 – Bates Stamped PCP0043 | FRE 402. Irrelevant. FRE 403. Confusion of the issues/Danger of unfair prejudice substantially outweighs probative value (if any). This email is from more than 4 years prior to the relevant time period in dispute in this case. It discusses scheduling at a time, years removed from the relevant time at issue in this case. It is not relevant to this dispute, would likely confuse the jury, and if there is any probative value at all, it is outweighed by the danger of unfair prejudice. | |
| D4. | Email from Cristy Bunker to Dr. Karimjee, dated April 27, 2011 – Bates Stamped PCP0044 | FRE 402. Irrelevant. FRE 403. Confusion of the issues/Danger of unfair prejudice substantially outweighs probative value (if any). This email is from more than 3 years prior to the relevant time period in dispute in this case. It discusses Plaintiff's resignation from employment with Defendants at that time. It is not relevant to this dispute, would likely confuse the jury, and if there is any probative value at all, it is outweighed by the danger of unfair prejudice. | |
| D5. | Email from Cristy Bunker to Dr. Karimjee, dated July 17, 2008 – Bates Stamped PCP0045 | FRE 402. Irrelevant. FRE 403. Confusion of the issues/Danger of unfair prejudice substantially outweighs probative value (if any). This email is from more than 6 years prior to the relevant time period in dispute in this case. It discusses Plaintiff's resignation from employment with Defendants at that time. It is not relevant to this dispute, would likely confuse the jury, and if there is any probative value at all, it is outweighed by the danger of unfair prejudice. | |

| | | | | | |
|---|---|---|---|---|---|
| D6. | Email from Cristy Bunker to Dr. Karimjee, dated June 17, 2015 – Bates Stamped PCP0046 | | | | |
| D7. | Paycheck Details for Cristy Bunker from January 2015 to July 2016 – Bates Stamped PCP0047-PCP0091 | | | | |
| D8. | Payroll History for Cristy Bunker from January 2015 to June 2016 – Bates Stamped Bunker-0001 to Bunker-0004 | | | | |
| D9. | Text Messages between Cristy Bunker and Dr. Najmuddin Karimjee – Bates Stamped Bunker-0016 to Bunker-0035 | | | | |
| D10. | Protocol for Delegation of Prescriptive Authority and Initiation of Medical Aspects of Care – Bates Stamped Bunker-0038 to Bunker-0044 | | FRE 402. Irrelevant. | | |
| D11. | Advanced Practice Registered Nurse Verification Results, dated October 14, 2010 – Bates Stamped Bunker-0076 to Bunker-0077 | | FRE 402. Irrelevant. | | |
| D12. | US Bureau of Labor Statistics for Occupational Employment and Wages, May 2016 – 29-1171 Nurse Practitioners | | FRE 402. Irrelevant. FRE 403. Confusion of the issues/Danger of unfair prejudice substantially outweighs probative value (if any). The issue in this case is whether Defendants paid Plaintiff on a salary basis. Generalized ay statistics for nurse practitioners is not relevant to this issue. This data is likely to confuse the jury as it is not relevant. Moreover, the danger of unfair prejudice against Plaintiff as a high-wage earner substantially outweighs any probative value this data may have. | | |

| | | | | | |
|---|---|---|---|---|---|
| D13. | Declaration of Najmuddin Karimjee, Dated March 21, 2007 | | FRE 403. Danger of unfair prejudice substantially outweighs probative value (if any). FRE 802. Hearsay. FRE 1002. Underlying original documents not produced.<br><br>This declaration constitutes hearsay and does not fall under any of the hearsay exceptions. Additionally, Defendant Najmuddin Karimjee's in-court testimony will be more probative on the point for which the declaration is offered and admitting it would not serve the interests of justice.<br><br>Additionally, this declaration speaks to the exempt status of other employees who Defendants refused to produce payroll records for. As these original underlying documents have not been produced, the declaration should be excluded. | | |
| D14. | Declaration of Jessica Laabs, Dated March 20, 2007 | | FRE 403. Danger of unfair prejudice substantially outweighs probative value (if any). FRE 802. Hearsay. FRE 901. No authenticating witness. FRE 1002. Underlying original documents not produced.<br><br>These declarations constitute hearsay and do not fall under any of the hearsay exceptions. Moreover, these declarations do not have circumstantial guarantees of trustworthiness, the payroll records of these individuals would be far more probative on the point for which the declaration is offered, and admitting these declarations would certainly not serve the interests of justice.<br><br>During discovery, Plaintiff requested payroll records for other nurse practitioner and physician assistant employees. Defendants argued that those documents were not relevant as | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | they related to other employees, yet now attempt to offer declarations form these employees into evidence.<br><br>The Magistrate Judge denied Plaintiff's motion to compel the production of the payroll records (objection pending before the Court) based on proportionality, and thus denied Plaintiff the documents necessary to verify the veracity of these declarations. Allowing these declarations to be admitted into evidence while denying Plaintiff access to all underlying records would unfairly prejudice Plaintiff beyond repair. | | |
| D15. | Declaration of Natalee Calais, Dated March 20, 2007 | | *See* D14 Objection. | | |
| D16. | Declaration of Fatisha Brown, Dated March 20, 2007 | | *See* D14 Objection. | | |
| D17. | Declaration of Dorothy Currier, Dated March 20, 2007 | | *See* D14 Objection. | | |
| D18. | Declaration of Kristy Carroll, Dated March 20, 2007 | | *See* D14 Objection. | | |
| D19. | Declaration of Karen Marler, Dated March 20, 2007 | | *See* D14 Objection. | | |
| D20. | U.S. Department of Labor, Employment Standards Division, Wage and Hour Division – FLSA Opinion Letter FLSA2005-20, dated August 19, 2005 | | FRE 403. Confusion of the issues/Danger of unfair prejudice substantially outweighs probative value (if any). FRE 802. Hearsay.<br><br>This opinion letter is likely to cause confusion of the issues because the letter assumes a salary basis. Conversely, whether Defendants paid Plaintiff on a salary basis is the key dispute in this case. Moreover, the danger of unfair prejudice substantially outweighs any probative value this | | |

| | | | | |
|---|---|---|---|---|
| | | letter may have because it is not based on the facts of Plaintiff's case. | | |
| D21. | Resume of Attorney Fee Expert Witness George Edwards III | | | |
| D22. | Resume of Attorney Fee Expert Witness Murtaza Sutarwalla | | | |
| D23. | Attorney Fee Affidavit (as of date of trial) | | | |

Respectfully submitted,

/s/ Julie L. St. John
Julie L. St. John (attorney-in-charge)
Texas Bar No. 24106460
S.D. Texas Bar No. 3139258
Robert J. Wiley*
Texas Bar No. 24013750
S.D. Texas Bar No. 596499
*Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization

LAW OFFICE OF ROB WILEY, P.C.
1651 Richmond Ave.
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile: (713) 337-1334
jstjohn@robwiley.com

FOR THE PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018 I served a copy of the foregoing on counsel for Defendant via the Court's CM/ECF system.

/s/ Julie L. St. John
Julie L. St. John